[Cite as *State v. Glenn*, 2011-Ohio-6703.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO            :

                          :     Appellate Case No. 24614

       Plaintiff-Appellee     :

                          :     Trial Court Case No. 10-CR-3667

v.                       :

                          :     (Criminal Appeal from

DWAYNE A. GLENN      :      Common Pleas Court)

                          :

       Defendant-Appellant   :

                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorneys for Plaintiff-Appellee

WILMER J. DECHANT, JR., Atty. Reg. #0085084, 257 Regency Ridge Drive, Centerville, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} Dwayne A. Glenn appeals from his conviction and sentence for the offense of Carrying a Concealed Weapon, a fourth-degree felony.

{¶ 2} After a hearing, the trial court overruled the defendant's motion to

suppress. The court determined that there was probable cause for the defendant's arrest. Thus, the 9mm handgun found in his waistband during the search incident to that arrest was constitutionally obtained. Thereafter, the defendant entered a no-contest plea to the concealed weapon charge, preserving his right to pursue this appeal. Glenn's appointed appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any non-frivolous issue for our review. Counsel also requested permission to withdraw. The *Anders* brief raises the potential issue whether the Dayton Police had probable cause to arrest the defendant, though counsel concluded that this issue is frivolous. Despite being given a specific opportunity from this Court to do so, Glenn has not filed a brief of his own.

{¶ 3} Upon review, we agree with appellate counsel that the potential issue he raised does not have arguable merit. The evidence presented to the trial court at the motion-to-suppress hearing revealed that on November 11, 2010, police were dispatched to the apartment building at 24 Arnold Place on a report of a theft in progress. The officers who responded spoke with witnesses and completed a report. (Tr. 32). Detective Matthew Locke was assigned to investigate, and on November 16, 2010, Locke confirmed with the apartment manager that the defendant was one of the persons involved in removing appliances from a vacant apartment. The manager told Locke that he confronted the defendant, but the defendant denied breaking and entering, saying that he was just helping a guy move some stuff. (Tr. 36). The apartment manager told Locke that the apartments were furnished and that tenants were therefore not allowed to remove the appliances. The defendant lived with his

mother in one of the apartments, and it would be reasonable to infer he knew that tenants did not own the appliances.

{¶ 4} After the manager confirmed the defendant's identity at the district police station, the detective, a uniformed officer, and the manager went to the nearby apartment building to see if they could locate the defendant. They saw the defendant outside the apartment building, and the detective and officer approached. They asked the defendant for his name, and after a brief hesitation, he told them it was Dwayne. (Tr. 22). Locke told the defendant that he was under arrest, and the defendant broke to run. (Tr. 13). The officer grabbed the defendant's coat, and within about 20 feet, the detective and the officer were able to wrestle the defendant to the ground. When they rolled him over to be handcuffed, the defendant stated that he had a gun on him. The officer then located a loaded 9mm handgun hidden in the defendant's waistband.

{¶ 5} After the hearing, the trial court said: "there was probable cause in this case and accordingly [I] would agree that the stop was proper and, therefore, the stop being proper you have in effect, a search incident to a lawful arrest." (Tr. 112). We agree.

{¶ 6} In order to have probable cause for an arrest, a police officer must be aware of facts sufficient to create a fair probability that the person to be arrested committed a crime. *State v. McCoy*, Montgomery App. No. 20006, 2004-Ohio-5833, at ¶16, citing *Beck v. Ohio* (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. Here, there is simply no other reasonable conclusion except that detective Locke had probable cause to arrest the defendant. We see no arguable merit in the potential

claim that the arrest and search of the defendant was constitutionally unsound. Therefore we agree with appellate counsel that no non-frivolous issue exists regarding the trial court's denial of the motion to suppress.

{¶ 7}   Finally, pursuant to our responsibilities under *Anders*, we independently have reviewed the record in this case. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 8}   Counsel's request to withdraw from further representation is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
Wilmer J. Dechant, Jr.
Dwayne A. Glenn
Hon. Timothy N. O'Connell